Leibe vs. Hebersmith.

## No. 9996.

### ARTHUR LEIBE vs. ERNEST HEBERSMITH.

Acts acknowledged before a Louisiana commissioner have no effect as authentic acts unless the acknowledgment takes place also before two witnesses, legally competent.

Otherwise, they remain acts under private signature, which are inadmissible in evidence, until the signature is proved. 15 Ann. 392; 22 Ann. 457, affirmed.

Admission in evidence to prove *rem ipsam*, of a document which is not authentic and the signature to which is not proved, is irregular. The document ought not to have been received at all.

The judgment of *non-suit*, rendered by the lower court, is justified.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot*, J.

*Braughn, Buck, Dinkelspiel* and *Hart*, for Plaintiff and Appellee.

" An act under private signature is inadmissible in evidence until the signatures have been proved." 22 Ann., p. 457.

" An act executed before a Louisiana commissioner is not entitled to the effect of an authentic act unless same has been done in the presence of two witnesses." 15 Ann., p. 392.

" While an act under private signature, duly registered, may be held sufficient as notice to third persons, yet a distinction exists between the effect of the registry as to notice, and the effect of the act itself as proof of its contents." 33 Ann., p. 1249, and authorities there cited.

" A common law mortgage has no effect in Louisiana as to third persons." 34 Ann., p. 797 38 Ann., p. 890; Suc. of Mrs. Larendon, decided Nov. 21, 1887.

### *W. W. Handlin*, for Third Opponent and Appellant:

A common law mortgage is not similar to a vente à rémérè under the Civil Code of Louisiana. S. C., No. 9787; C. C. 2464.

An act under private signature dates from its registry, made to appear by the certificate of the Recorder of Mortgages.

The acknowledgment of a deed under private signature before a Louisiana commissioner, makes full proof *aliunde*, of the genuineness of the document.

An attaching creditor can have no greater rights than his debtor had over the property when his attachment was levied.

" No privilege shall have effect against third persons, unless the act or other evidence of the debt is recorded within seven days from the date of the act or obligation of indebtedness." Act No. 45 of 1877.

Private acts whose date is proved by evidence *dehors* the instrument being recorded in the Mortgage Office and the transaction being *bona fide*, have the same effect against third persons as the parties themselves. 35 Ann. 847; 33 Ann. 1249; 2 Ann. 951, 469; 9 Ann. 547; 14 Ann. 701; 11 Ann. 57; 4 N. S. 369; 2 N. S. 171.

A *private act once registered in toto, it is immaterial as notice whether the evidence of its execution was registered or not.* Pierce vs. Clark, 25 Ann. 111; C. C. 3367; C..C. 3397-3; C C. 3392; C. C. 3357.

The employment of a shorthand reporter is optional. It is the duty of the minute clerk to take down the evidence if a party declines to employ a stenographer. The law authorizes one note of evidence or transcript in each case. A note of evidence taken by a stenographer, as an officer of the court, may be filed by him, and need not be submitted to the clerk. The law does not warrant the stenographer in not filing his transcript unless he is paid in advance.

The opinion of the Court was delivered by

BERMUDEZ, C. J.  This is a contest for the distribution of the proceeds of real estate judicially sold.

The third opponent claims to be entitled to preference over the seizing creditor, by virtue of an agreement between her and the defendant, termed a mortgage, executed in New York and subsequently recorded in New Orleans, where the property was situated, at a date anterior to the registries on which the plaintiff relies.

On the trial, the opponent offered in evidence the agreement in question, which, notwithstanding objection, was admitted to prove *rem ipsam.*

The opponent contends that it ought to have been received without qualification, as an authentic act, but the plaintiff insists that it should have been rejected altogether, as it is not authentic, and the signature was not proved.

The agreement purports to be signed by the defendant befo.e a notary public in New York, on November 19, 1883, and to have been recorded in the Mortgage Office of the parish of Orleans, on December 14 following.

It was subsequently acknowledged before a Louisiana commissioner in New York, on November 25, 1886.

The acknowledgment before the New York notary was not made in the presence of any witne: s, and that before the Louisiana commissioner was made before *one* witness only.

No proof was adduced of the signature of the parties to the agreement.

Under the terms of the law and the construction put upon the same by a previous court, the instrument, to operate as an authentic, ought to have been acknowledged in presence of *two* witnesses before the Louisiana commissioner.

In Langley vs. Burrows, 15 Ann. 392, in which the acknowledgment had been made before a Louisiana commissioner and *one* witness only, the court said :

" The section of the act of 1855 authorizes commissioners appointed in other States by the Governor of the State of Louisiana, to take acknowledgment and proof of any deed, mortgage, etc., and the eighth section gives to all acts thus acknowledged, the force and effect of authentic acts executed in this State. Thus we may conclude that those commissioners are by express p ovision of the law, vested with all the powers of our justices of the peace and notaries and as an authentic act of sale, mortgage, assignm nt, etc., is an instrument executed or acknowledged before a notary and two witnesses, it necessarily follows that the documents produced by the plaintiff are acts under private signature."

This ruling is perfectly correct. It cannot be pretended that the Legislature intended to vest commissioners for this State, acting in other States, with powers superior or more efficacious than are conferred on home notaries, who must be citizens of the State.

Hence, it is apparent that an act acknowledged before a Louisiana commissioner acquires no authenticity in this State, unless executed in the presence of *two* competent witnesses. R. C. C. 2234; R. S. 596 to 603.

In Miller vs. Wisner, 22 Ann. 457, the court held that documents under private signature are inadmissible in evidence until proof of the signature. Thus reads the law. R. C. C. 2242.

The admission of the document to prove *rem ipsam* was barren of any effect; a white sheet of paper might as well have been admitted. It should not have gone in *at all*.

The district judge properly non-suited the opponent. The record is not in a condition to enable this court to pass upon the merits of the controversy.

Judgment affirmed.