(52 South. 115.)

No. 17,776.

BAKER v. BAKER (BANK OF DELHI, Intervener).

(March 28, 1910.)

*(Syllabus by the Court.)*

1. DONATIONS—INTER VIVOS—REVOCATION.

A donation of lands made on certain potestative conditions may be revoked by the donor on the failure of the donee to perform, and where it was stipulated that, in the event of such failure, the conveyance shall be null and void, if the donor so elect, and the donor brought suit to annul on the ground of nonperformance of the conditions, *held*, that it was too late for the donee or his mortgage creditor to tender performance, and that the court had no power to grant delay in such a case.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. § 20; Dec. Dig. § 41.*]

2. DONATIONS—INTER VIVOS—VALIDITY—EXECUTION.

A deed of gift of lands in Louisiana, executed by the donor alone in the state of Texas by private act and acknowledged before a notary public, is null and void for want of the formalities required by the laws of the situs.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. § 4; Dec. Dig. § 26.*]

3. ACKNOWLEDGMENT (§ 19*) — AUTHORITY TO TAKE—EXTRATERRITORIAL AUTHORITY.

A deed of gift under private signature, attested by two witnesses and acknowledged by the donor before a notary in another state, is not such an authentic act as is required by the law of Louisiana to evidence donations of immovables.

[Ed. Note.—For other cases, see Acknowledgment, Dec. Dig. § 19.*]

4. DONATIONS—ACTION TO ANNUL—GROUNDS.

A donor in the same action may set up different grounds for annulling the donation, such as nonperformance of conditions imposed on the donee and the nullity of the donation for want of form.

[Ed. Note.—For other cases, see Gifts, Dec. Dig. § 41.*]

5. DONATIONS — ANNULMENT — REVERSION OF PROPERTY.

Where a donation is annulled, the property reverts to the donor free from all incumbrances and mortgages created by the donee.

[Ed. Note.—For other cases, see Gifts, Dec. Dig. § 41.*]

6. DONATIONS — ANNULMENT — BETTERMENTS —RIGHT OF DONEE.

Where a donation is annulled, the donee has no equitable claim for improvements and betterments, when their cost is less than the value of timber on the premises converted to his own use by the donee.

[Ed. Note.—For other cases, see Gifts, Dec. Dig. § 41.*]

Appeal from Eighth Judicial District Court, Parish of Franklin; D. N. Thompson, Judge.

Action by Mrs. Eliza Baker against John H. Baker, in which the Bank of Delhi intervened. Judgment for plaintiff, and intervener appeals. Affirmed.

Howe, Fenner, Spencer & Cocke and C. J. Ellis, for appellant. H. Flood Madison, for appellee Eliza Baker. J. S. Peters, for appellee John H. Baker.

LAND, J. On the 21st day of May, 1898, Mrs. Eliza Baker, widow, of Parker county, state of Texas, executed a deed of gift to her son, Jno. Baker, of Franklin parish, state of Louisiana, his heirs and assigns, of certain tracts or parcels of land situated in said parish and state. This gift, or donation, was made on the following conditions, viz.:

"That the said John Baker, his heirs or assigns, shall pay or cause to be paid to me, the said Eliza Baker, the sum of $500 annually on the 1st day of each January hereafter, until my death, when the fee in and to said land shall vest absolutely in the said Jno. Baker, his heirs or assigns.

"In the event that the said sum of $500 annually is not paid as above specified, then, at any time after the failure so to pay, if I so elect, this conveyance shall be null and void, and the said land shall revert to me free from all claims whatsoever."

This instrument was signed "Eliza Baker," and was attested by two witnesses. On the

same day the following acknowledgment was attached to said instrument, to wit:

"Before me, the undersigned authority, on this day personally came and appeared Mrs. Eliza Baker, to me personally known, who acknowledged to me, in the presence of two subscribing witnesses, that she had signed and accepted the above and foregoing as her voluntary act and deed, and for the uses and purposes therein set forth.

"In faith whereof I hereunto set my hand and seal of office this 21st day of May, 1898."

"[Signed] Henry Miller, Notary Public."

This instrument was recorded in Franklin parish, La., in the year 1902, and the grantee accepted the gift by entering into possession of said tracts of land, on which there was a farm and much valuable timber.

The son complied in part with the condition of the donation, but was always in arrears, and made no payments whatever for the years 1907 and 1908. In fact, the donee became insolvent.

This suit was brought to have the donation decreed null and void for nonperformance of the conditions imposed on the donee, and to recover the property free of all incumbrances, and for the rents and revenues of the same for the years 1907 and 1908.

Some weeks after the institution of the suit, the Bank of Delhi, claiming that it held a special mortgage for $8,000 on the property, executed in its favor by the donee, tendered to the plaintiff $4,100 in settlement of her claims, and on the same day filed its petition of intervention, praying that the plaintiff be condemned to accept said tender in full settlement of her rights, that the said mortgage be recognized and enforced against the property, and that the same be sold subject to her future rights as set forth in the act of donation. The intervener also alleged that the suit was fraudulent and collusive, for the purpose of screening the property of the defendant from the pursuit of his creditors, and especially for the purpose of defeating the rights of the intervener.

For answer to the petition of intervention the plaintiff denied the allegations of fraudulent collusion, denied the alleged good faith of the intervener in taking the mortgage in the face of the duly recorded act of donation showing that the defendant had a defeasible title, and averred that said act was null and void in law because it was not passed before a notary public and two witnesses. The plaintiff set up the same alleged cause of nullity by amended petition. The intervener filed a plea of estoppel against the additional cause of nullity set up in plaintiff's answer to the petition of intervention, because of inconsistency with the allegations and prayer of her original petition.

The defendant answered, denying the intervener's allegations of fraud, but admitting the indebtedness claimed by the Bank of Delhi. Defendant answered the petition of the plaintiff, admitting all the allegations of facts therein contained, and submitted the case to the court for such decision as the law and facts might warrant.

Upon the issues thus made the case was tried, and judgment was rendered in favor of the plaintiff as prayed for. The intervener has appealed.

As the value of the lands donated exceeded by more than one-half that of the charges or services imposed on the donee, the rules peculiar to donations inter vivos are applicable. Civ. Code, arts. 1524, 1526. The deed of gift vested a conditional title in the grantee, and his nonperformance of the conditions vested a legal right in the grantor, at her option to declare the conveyance null and void. Plaintiff exercised her right of election by the institution of the present suit.

Donations inter vivos may be revoked or dissolved for the nonperformance of the conditions imposed on the donee. Civ. Code, art. 1559. But if the conditions be potestative —that is, if the donee is obliged to perform them—the dissolution must be sued for and

decreed judicially. Civ. Code, art. 1565. In case of revocation or rescission on account of the nonexecution of conditions, the property returns to the donor free of all incumbrances or mortgages created by the donee. Civ. Code, art. 1568.

In case of nonfulfillment of conditions, which the donee is bound to fulfill, if it be proven to have proceeded from his fault, he may be condemned to restore the fruits by him received since his neglect to fulfill the conditions. Civ. Code, art. 1569.

"The donor may impose on the donee any charges or conditions he pleases, provided they contain nothing contrary to law or good morals." Civ. Code, art. 1527.

By the terms of the act of donation the title of the donee was made dependent on the annual payment of $500 to the donor until her death, and the nonpayment of any installment rendered the conveyance null and void at the election of the donor.

It is well settled in the jurisprudence of France that the donor may stipulate in his own interest that the revocation of the donation shall take place of right, and that such a stipulation is not contrary to public order or good morals. Carpentier-Du Saint, Repertoire du Droit Francais, vol. 18, Nos. 2943, 2944, 2945. As a general rule in such cases a judicial summons is necessary to complete the revocation, if such a summons has not been specially waived; but the judge cannot grant a delay for the fulfillment of the conditions or the payment of the charges. Id. Nos. 2854, 2946, 2947, 2948, 2949, 2950.

The Code Napoléon, like the Civil Code, does not provide that the judge may grant a delay to the donee to perform conditions; but the court and jurists have applied to donations the same rule applicable to commutative contracts. Code Nap. art. 1184; Civ. Code, art. 2047; In re Mechanics' Society, 31 La. Ann. 634. Hence, whether the instrument sued on be considered a donation or an onerous contract, the judge has no power to grant delays, and the donee no right to perform or pay after the institution of suit.

We do not think that the so-called plea of estoppel can be sustained. The original petition sought to annul the donation on the ground of nonfulfillment of the conditions imposed on the donee. The amended petition and the answer to the petition of intervener alleged another cause of nullity. Plaintiff sued to annul, and not to enforce the instrument.

"The donor cannot, by any confirmative act, supply the defects of a donation inter vivos null in form; it must be executed again in legal form." Civ. Code, art. 2273; In re Lahaye, 115 La. 1089, 40 South. 468; Ackerman v. Larner, 116 La. 101, 40 South. 581.

Estoppel has no application to a donation void in law ab initio.

The instrument sued on is in form an act under private signature. The law declares that:

"An act shall be passed before a notary public and two witnesses of every donation inter vivos of immovable property * * * under the penalty of nullity." Civ. Code, art. 1536.

The contention that the notary's certificate of acknowledgment attached to the instrument converted it into an authentic act is without force, as the acknowledgment was not signed by the grantor and the witnesses. An act, to be authentic, must show on its face that it was passed before a notary or other officer authorized to execute such functions and two competent witnesses. Civ. Code, art. 2234. The parties, the notary or other officer, and the witnesses must sign the act, in order to make it authentic.

The proposition that a notary by a mere certificate can convert an act under private signature into a notarial act is clearly untenable. In Spanier v. De Voe, 52 La. Ann. 584, 27 South. 175, the court said:

"The donor made this donation in this private instrument. The certificate of the commissioner adds no weight to it as a donation. It only proves that, prior to issuing it, the donor de-

clared to him as a commissioner that the private deed was her own act of donation. This declaration, contained in a private deed, and the certificate that it had been made, do not have the effect of investing the deed with authenticity. In point of dignity, the certificate is not to be considered higher than the private act it certifies. The bed of the stream does not rise higher than its source."

In the same case the court quoted Laurent, as follows:

"The form prescribed is essential to the validity of the donation, and the writing which does not make proof of itself is null."

See, also, Leibe v. Hebersmith, 39 La. Ann. 1050, 3 South. 283.

It is not disputed that the instrument, as to form and effect, is governed by the laws of Louisiana. Not only was the property situated in the state of Louisiana, but the donation was without effect until formally accepted by the donee, who resided in said state, or until the donee was put into corporal possession of the property. Civ. Code, arts. 1500, 1541; Succession of Larendon, 39 La. Ann. 952, 3 South. 219.

The claim for improvements and betterments is precluded by the terms of the instrument, to wit:

"In the event that the said sum of $500 annually is not paid as above specified, then at any time after the failure so to pay, if I so elect, this conveyance shall be null and void, and the said land shall revert to me free from all claims whatsoever."

In the absence of any stipulation on the subject, the property "returns free from all incumbrances and mortgages created by the donee." Civ. Code, art. 1568.

The trial judge found that the donee had converted to his own use timber on the premises of greater value than the cost of his improvements and betterments. We concur in this finding. It is also shown by the evidence that the rental value of the premises exceeded by far the charges imposed on the donee. Under this state of facts, there is no equity in the intervener's claim for improvements.

Judgment affirmed.