(72 South. 187)

No. 20621.

BANK OF DELHI v. LEA, Clerk of Court.

(June 5, 1916.)

*(Syllabus by the Court.)*

REGISTERS OF DEEDS ⬥6—LIABILITIES—CERTIFICATE OF INCUMBRANCES.

Upon a demand for a certificate of mortgages and other incumbrances on certain real estate, the recorder of mortgages is under no duty to include a donation inter vivos transferring the property on certain conditions but containing no mortgage or other incumbrance.

[Ed. Note.—For other cases, see Registers of Deeds, Cent. Dig. §§ 12–14; Dec. Dig. ⬥6.]

Provosty, J., dissenting.

Appeal from Eighth Judicial District Court, Parish of Franklin; Riley J. Wilson, Judge.

Action by the Bank of Delhi against H. J. Lea, Clerk of Court. From a judgment dismissing the action, the plaintiff appeals. Affirmed.

Hudson, Potts, Bernstein & Sholars, of Monroe, for appellant. Berry & Berry and M. C. & W. H. Thompson, all of Winnsboro, for appellee.

LAND, J. This suit was dismissed on an exception of no cause of action, and the plaintiff has appealed.

The facts as shown by the allegations of the petition and by the documents thereto annexed may be briefly stated as follows:

Plaintiff on August 14, 1907, loaned to John H. Baker, a resident of the parish of Franklin, the sum of $8,000, secured by spe-

cial mortgage on several sectional subdivisions of land situate in the said parish.

Prior to making said loan, the plaintiff applied to the defendant, then clerk of the district court and ex-officio recorder of mortgages for the parish of Franklin, for a mortgage certificate upon the said property and showing all liens, mortgages, and incumbrances resting thereupon. Defendant, on July 1, 1907, upon said application, furnished to plaintiff a mortgage certificate upon said property, reciting that the same was "free and clear of all mortgages or incumbrances whatsoever."

Plaintiff, on the faith and credit of said mortgage certificate, loaned said sum of $8,000 to the said Baker, and took from him a special mortgage as above stated.

The said hypothecated property was assessed to said Baker for the year 1907, and had been so assessed for many years previously.

That the said Baker owned no other property on August 14, 1907, in the parish of Franklin, or elsewhere, to the knowledge of the plaintiff.

The said John H. Baker acquired said property from his mother, Mrs. Eliza Baker, by donation, under act of donation recorded in Notarial Book R, page 696 of the records of Franklin parish.

The said act of donation contained the following provision:

"That the said John H. Baker, his heirs, or assigns shall pay or cause to be paid to me, the said Eliza Baker, the sum of Five Hundred ($500.00) Dollars annually on the 1st day of each January hereafter until my death, when the fee in and to the said land shall vest absolutely in the said John H. Baker, his heirs, and assigns."
"In the event of the said sum of Five Hundred ($500.00) Dollars annually is not paid as above stipulated, then at any time after the failure to so pay, if I so elect, this conveyance shall be null and void, and the said land shall revert to me free from all claims whatsoever."

On July 1, 1907, when defendant furnished said mortgage certificate as above stated, said act of donation was on record in Mort-

gage Book "M," page 238 of the records of said parish, and had been so recorded since April 7th, 1902.

A final decree of the Supreme Court of Louisiana in the case of Baker v. Baker, the Bank of Delhi, Intervener (No. 17776) 125 La. 969, 52 South. 115, rendered on March 28, 1910, affirmed a judgment of the district court of the parish of Franklin decreeing the said donation null and void for the nonperformance of the conditions therein imposed upon the donee, to wit, the annual payment of the sum of $500 to the donor.

Subsequently the said John H. Baker, upon his voluntary petition, caused himself to be adjudicated a bankrupt, and on July 12, 1891, obtained a discharge under a judgment of the United States District Court for the Western District of Louisiana from all provable debts existing against him, among them the said debt due to the plaintiff.

Plaintiff, by reason of the acts of error and omission of the defendant as above stated, has been damaged in the full sum of $5,000, with 8 per cent. interest thereon from January 1, 1905, until paid, together with 10 per cent. as attorney's fees on the aggregate amount of principal and interest; for which plaintiff prayed for judgment against the defendant.

The judge a quo assigned his reasons for sustaining the exception of no cause of action in a well-considered opinion. The judge points out that the donation was by private act executed in the state of Texas (as shown by a copy thereof annexed to the petition), and was null on its face for want of proper form, as decided by this court in Baker v. Baker, 125 La. 969, 52 South. 115. In the same case, this court also held that the instrument purported to be a donation of lands on certain protestative conditions, and that it could be revoked by the donor on the failure of the donee to perform. As the donee did not obligate himself to make the annual

payments, there was no debt to which a mortgage, lien, or privilege could attach, and become an incumbrance on the land.

Article 1554 of the Civil Code of 1870 provides that:

"When the donation comprehends property that may legally be mortgaged, the act * * * must be registered * * * in a separate book kept for that purpose by the register of mortgages, which book shall be open to the inspection of all parties requiring it."

Recorders of mortgages are required to keep two registers.

"The first, to record all acts from which there results a conventional, judicial, or legal mortgage, or privilege."
"And the second, to record all donations which have to undergo that formality."

C. C. arts. 3388, 3389, 3390.

Recorders—

"are bound also to deliver to all persons who may demand them a certificate of the mortgages, privileges, or donations, which they have thus recorded; if there be none, their certificate shall declare the fact."

A donation of real estate is certainly not a mortgage or privilege, but is a transfer of property of a peculiar kind, subject to revocation, sometimes without cause, and always subject to reduction at the suit of the forced heirs of the donor.

C. C. art. 1554, is a transcription of article 1541 of the Civil Code of 1825. In Bank v. Toledano, 20 La. Ann. 571, the court held that an act of donation, in the sense of the registry laws, was neither an alienation nor mortgage of the property donated, and that the object of the registry of the act in the Book of Donations in the mortgage office was to give notice to third persons.

It follows: First, that the plaintiff had notice of the existence of the donation in question by its registry; and, secondly, that plaintiff made no demand on the defendant for a certificate of donation. We know as a matter of common practice that mortgage certificates do not include donations, which are generally considered as a species of conveyance.

The real complaint of the plaintiff is that the defendant failed to disclose in his certificate that the only title held by Baker to the property was a donation void on its face. It was the business of the plaintiff to inquire into Baker's title before lending him the money. Defendant was under no duty to furnish plaintiff with an abstract of title.

Judgment affirmed.

PROVOSTY, J., dissents, holding that a condition in a title is an incumbrance upon the title.

O'NIELL, J., concurs in the decree.