No. 3545

Second Circuit

EMBRY ET AL. v. EMBRY

(November 18, 1929. Opinion and Decree.)
(December 31, 1929. Rehearing Refused.)
(March 31, 1930. Judgment of Court of Appeal Reversed and Judgment of District Court Reinstated.)

Moss & . Moss, of Winnfield, attorneys for defendant, appellant in rule, Mrs. Fannie P. Embry.

E. L. Walker, of Ruston, attorney for defendant, appellee in rule, Jonesboro State Bank.

## STATEMENT OF THE CASE.

REYNOLDS, J. By private act, dated September 6, 1917, and filed for record on November 19, 1917, and thereafter duly recorded, Mrs. Fannie P. Embry conveyed to her .son, R. J. Embry, certain lands situated in Jackson parish, Louisiana, not necessary to be described, for the recited consideration of—

"One thousand dollars, payable as follows: one thousand dollars cash, the receipt of which is hereby acknowledged, and the further consideration of the furnishing all things needful or necessary for the maintenance and support of the Mrs. Fannie P. Embry, as long as she may live, including food, clothes, medicines, nursing and all other attention, and a decent burial at her death."

No privilege was retained or mortgage granted in the act to secure the performance of the obligations assumed by the grantee.

By authentic act, dated May 13, 1918, and duly recorded on the same day, both the mother and son mortgaged the land to the Federal Land Bank of New Orleans to secure the payment of a loan of $1,000.

By authentic act, dated December 17, 1926, filed for record December 18, 1926, and thereafter duly recorded, R. J. Embry granted a mortgage on the land to secure the payment of a promissory note for the sum of $2,000, dated December 17, 1926, signed by R. J. Embry, drawn payable to the maker's own order on December 1, 1927, bearing interest at the rate of 8 per cent. per annum from its date until paid.

This note and mortgage was thereafter acquired by the defendant, appellee in rule, Jonesboro State Bank, in due course of business.

Some time prior to November 7, 1923, Mrs. Fannie P. Embry instituted suit against her son, R. J. Embry, to rescind the transfer of the land by her to him for non-payment of the price, or, in the alternative, to recover the unpaid part of the price, and also to recover the value ·of certain chattels belonging to her that were on the land at the time of the transfer and which her son sold and kept the price of. The suit was duly tried and on November 7, 1923, judgment was rendered therein rejecting her demands. From this judgment she duly appealed suspensively to the Supreme Court, and that court, on May 23, 1927, rendered therein the following judgment:

"The judgment appealed from is annulled, and it .is ordered, adjudged and decreed that the plaintiff recover of and from the defendant one hundred and thirty dollars, with legal interest from judicial demand, November 5, 1923, and the

further sum of fifteen dollars per month from the 23rd of August, 1923, and continuing as long as the plaintiff lives; the amount accrued to be collectible as soon as this decree becomes final, and the installments of fifteen dollars per month to be collected at the expiration of each month thereafter. The right is reserved to the defendant to elect, within thirty days from the date when this decree will have become final, whether to pay the amounts stated, or to rescind the sale dated the 6th day of September, 1923, and avoid payment of the foregoing judgment, by reconveying to the plaintiff, free of encumbrance, the farm bought from her, and by rendering and settling accounts with her according to the foregoing opinion. The defendant is to pay all costs of this suit."

This judgment was filed for record in the mortgage records of Jackson parish on June 11, 1927, and thereafter was duly recorded therein.

R. J. Embry did not exercise the right of election granted him by the judgment, and, on June 28, 1927, Mrs. Fannie P. Embry caused a writ of fieri facias to be issued upon the judgment to the sheriff of Jackson parish, commanding him "that by seizure and sale of the property, real and personal, rights and credits, of Reuben J. Embry, in the manner prescribed by law, you cause to be made the sum of one hundred thirty dollars and no cents with legal interest from judicial demand, November 5, 1923, and the further sum of $15.00 per month from August 23, 1923, and also the sum of two hundred fifteen dollars and sixty five cents, costs, as well as your costs and charges," in satisfaction of the judgment rendered by the Supreme Court.

Under this writ, the land transferred by the mother to the son was seized and advertised for sale by the sheriff.

Before the day of sale the defendant in execution, R. J. Embry, by petition filed in the suit, set forth that he was a married man and the head of a family, and that a certain 160 acres of the land was his homestead, and prayed that the 160 acres be appraised and offered for sale separately from the rest of the land seized, and that, if not more than $2,000 be bid therefor, it be not sold, and that, if more than that sum be bid therefor, he be paid $2,000 out of the proceeds of the sale in preference to the seizing creditor.

On this petition he obtained an ex parte order from the court commanding the sheriff to appraise and sell the land claimed as a homestead separately from the rest of the land seized, and not to sell it unless more than $2,000 was bid therefor, and that, if he sold it, to retain $2,000 of the price in his possession until the further order of the court.

To this petition the mother filed an answer alleging that the debt for which the property was seized represented part of the purchase price thereof, and that for that reason the property was not exempt from seizure or sale under the homestead law, and she prayed that the ex parte order be rescinded and the petitioner's claim disallowed.

On hearing of the issue raised by the petition and answer, judgment was rendered and signed on January 12, 1928, rescinding the ex parte order and denying the claim of a homestead exemption. From this judgment the execution debtor took a suspensive appeal to the Supreme Court.

Pending this last mentioned appeal, to-wit, on September 6, 1928, Mrs. Roxie Embry, wife of the execution debtor, R. J. Embry, instituted suit against him in

the district court of Jackson parish to obtain judgment against him of separation from bed and board and a partition in kind of community property. In that suit the property under seizure was inventoried as community property.

An answer was filed by the husband putting at issue the allegations of the wife's petition, and, after trial, judgment was rendered, on October 24, 1928, decreeing, among other things, a separation from bed and board between the spouses, and ordering the sheriff to sell the community property, and out of the proceeds of sale first pay "the costs of this suit, together with the cost of the said sale, and, as a part of said costs, attorney's fees of one hundred dollars to H. W. Ayres and one hundred dollars to J. W. Elder. That the land inventoried * * * be sold separately, subject to the mortgage of the Federal Land Bank, and there shall thereupon be applied to the payment of the mortgage of the Jonesboro State Bank on said land the sum of sixteen hundred and twenty dollars, and the remainder, if any, to Mrs. F. P. Embry."

Pursuant to this judgment, the sheriff sold the land on December 1, 1928, for $1,951, subject to the mortgage of the Federal Land Bank.

The net proceeds of the sale being insufficient to satisfy both Mrs. Fannie P. Embry's judgment against R. J. Embry or a balance of $1,620 owing on the $2,000 note secured by mortgage on the land owned and held by Jonesboro State Bank, the sheriff had them ruled to show cause "why the conventional mortgage held by the Jonesboro State Bank and the judicial mortgage held by Mrs. Fannie P. Embry * * * should not be erased and cancelled from the mortgage records * * * insofar as affecting the real estate described in said application, and why they, the said Jonesboro State Bank and the said Mrs. Fannie P. Embry, should not be relegated to the proceeds of the sale of the said property. * * *"

Both defendants in rule answered the rule and set up their respective mortgages, and prayed that their mortgage, respectively, be ordered paid by the sheriff out of the funds in his hands in preference to the mortgage of the other.

By agreement of both defendants in rule the rule was made absolute, and the sheriff ordered to cancel on the record, insofar as they affected the land sold, the conventional mortgage owned by the Jonesboro State Bank, and the judicial mortgage owned by Mrs. Fannie P. Embry, to accept the $1,951 bid for the property by the successful bidder, and to retain $1,620 of the amount in his possession pending final adjudication of the question whether the Jonesboro State Bank or Mrs. Fannie P. Embry was entitled to be paid by preference to the other out of the fund, and that the balance of the $1,951 be applied by him to the payment of the costs of suit.

Both the Jonesboro State Bank and Mrs. Fannie P. Embry answered the rule to show cause, and each demanded to be paid his mortgage debt out of the fund in the sheriff's possession in preference to the other.

Mrs. Embry based her claim to preference on the grounds:

(1) That her judicial mortgage represented a balance of purchase price owing on the property the sale of which produced the fund.

(2) That, in the month of September, 1923, she instituted suit against R. J. Embry to annul the sale for noncompliance by him with the conditions of the ' sale, or, in the alternative, to recover the purchase price, and that, though her demands were rejected by the district court, the Supreme Court had annulled that judgment, and rendered judgment in her favor.

(3) That the Jonesboro State Bank well knew, before it acquired the note secured by its conventional mortgage, that R. J. Embry had purchased the property from her and the conditions on ˜which the transfer had been made, and that he had failed. to comply with those conditions, and that a suit by her against him to annul the sale for failure of consideration was then pending and undetermined.

The Jonesboro State Bank based its claim to preference on the ground that its conventional mortgage was duly recorded several years before Mrs. Embry's judicial mortgage was filed for record.

On trial of the issue of preference judgment was rendered that the Jonesboro State Bank was entitled to be paid its mortgage debt, in preference to Mrs. Embry, by her judicial mortgage debt, and Mrs. Embry appealed.

OPINION

It is contended by counsel for appellee, in brief, that the judgment rendered by the Supreme Court was a money judgment, that the mortgage resulting from its recordation did not relate back to the date of the filing of the suit in which it was rendered, and that, inasmuch as appellee's conventional mortgage was recorded long prior to the registry of the Supreme Court's judgment, no right acquired by appellant in virtue of that judgment could prime its mortgage.

And counsel cites articles of the Constitution and of the Civil Code and decisions of the Supreme Court in support of the contention that mortgages become effective quo ad third persons only from the moment of their being filed for registry, and that notice of their existence obtained otherwise than from their being filed or registered is not binding on third persons.

The authorities cited by counsel are not applicable to this case, for the reason that the transaction between mother and son was not a sale, but an onerous donation, and the decree of the Supreme Court not a money judgment for balance of purchase price, but a declaration in terms of money of the consideration for the donation. The transfer expressed this consideration in terms of personal service to be rendered by the son to the mother. The decree enabled him to discharge with money, . if he so elected, the rendition of the services.

Article 2439 of the Civil Code defines a sale as an agreement by which one gives a thing for a price in current money, and the other gives the price in order to have the thing itself.

Part of the price was not money, but "all things needful or necessary for the maintenance and support of Mrs. Fannie P. Embry as long as she may live, including food, clothes, medicines, nursing and all other attention, and a decent burial at her death," the money value of which was not fixed. The fact that the transfer recited that part of the consideration for it was $1,000 in money, and that the amount had been paid, was not sufficient we think, to constitute the transaction a sale. Not being a sale, it could only have been an onerous donation.

Article 1559 of the Civil Code provides that donations may be revoked or dissolved for nonperformance of the conditions imposed on the donee, and article 1567 that, in case of revocation or rescission on account of the nonexecution of the conditions of an onerous donation, the donated property shall return to the donor free from all incumbrances thereon created by the donee. Baker vs. Baker, 125 La. 969, 52 So. 115.

That R. J. Embry did not comply with the conditions on which the property was transferred to him is not disputed, and is established by the judgment of the Supreme Court.

Persons accepting onerously donated property as security for debt are chargeable with knowledge from the mere nature of the act of transfer that the donee's title is precarious and subject to be revoked and resumed by the donor, if the conditions of the donation are not performed, and that they are liable in such event to lose their security. It follows therefore that Mrs. Embry was entitled to the fund in the possession of the sheriff in preference to the Jonesboro State Bank, and that the judgment appealed from is erroneous.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and, it is now ordered, adjudged and decreed that defendant in rule and appellant here, Mrs. Fannie P. Embry, is entitled to receive the fund of $1620 in the possession of Neil Thomas as sheriff of the parish of Jackson to the credit of this proceeding by preference over the defendant in rule and appellee here, Jonesboro State Bank, after payment out of the said fund of the costs of the proceeding on the rule.

It is further ordered, adjudged and decreed that the said Neil Thomas as such sheriff pay the costs of the proceeding on this rule out of the said fund of $1620 in his possession, and that he pay over to Mrs. Fannie P. Embry the balance of said fund.