499 So.2d 229 (1986)
James Maurice FRAZIER, Sr., et al., Plaintiffs-Appellants,
v.
Oliver Beckwith FRAZIER, et al., Defendants-Appellees.
No. 18147-CA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1986.
Writ Denied January 9, 1987.
*230 Theus, Grisham, Davis & Leigh by Paul D. Spillers, Monroe, for plaintiffs-appellants James Maurice Frazier, et al.
Hudson, Potts & Bernstein by James A. Rountree, Monroe, for defendant-appellee MOR Enterprises.
Sevier, Yerger & Bishop by Thomas W. Bishop, Tallulah, Percy A. Ford, Jr., W. Monroe, for defendants-appellees John Cain and American Employers Ins. Co.
Snellings, Breard, Sartor, Inabnett & Trascher by Charles C. Trascher, III, Monroe, for defendant-appellee Pelican Homestead and Sav. Assn.
Before HALL, C.J., and FRED W. JONES, Jr. and SEXTON, JJ.
HALL, Chief Judge.
This is a suit by James Maurice Frazier, Sr. and the James Maurice Frazier, Sr. Inter Vivos Trust to annul five donations inter vivos of immovable property executed by Frazier, two to his grandchildren and three to his sons, on the basis that the acts were not passed before a notary public and two witnesses as required by LSA-C.C. Art. 1536, and to cancel all mortgages placed upon the property by the donees. Defendants-mortgagees, MOR Enterprises and Pelican Homestead and Savings Association, seek to have their mortgages recognized and enforced. Additionally, MOR filed a third party demand against John H. Cain, the notary who signed the acts of donation, and his surety bonding company, American Employers Insurance Company. After trial, judgment was rendered recognizing the invalidity of the acts of donation and recognizing the property described therein as belonging to the estate of the donor, subject however to the defendants' mortgages which were recognized as valid and enforceable. Plaintiffs appealed and we affirm.
The determinative issue in this appeal is whether under these particular facts the third party mortgagees were entitled to rely on a properly recorded inter vivos donation of immovable property which contained no indication of lack of compliance with the formality requirements of Article 1536 but was not, in fact, executed in the presence of a notary and two witnesses.
Between the years 1979 and 1981 plaintiff Frazier, an elderly man in his middle eighties, executed five separate acts of donation of nearly 200 acres of land to his two sons and seven grandchildren. He executed the acts of donation after his sons, James Frazier, Jr. and O.B. Frazier, had the documents prepared and presented them to him for his signature. O.B. Frazier took the acts to a notary public who notarized the documents outside the presence *231 of the donor and two witnesses. The Frazier brothers, acting individually and under powers of attorney from their children, then mortgaged the donated property in order to obtain financing for their barge business which required extensive capitalization.
Most of the mortgages affecting the property are held by MOR Enterprises, a partnership primarily dealing in land management. MOR loaned the Fraziers a total of over $300,000 on the strength of their collateral. On the occasion of each loan, the Fraziers presented to the partners of MOR a certified copy of a collateral mortgage prepared by their attorney, a collateral promissory note, a certified copy of the act of donation which appeared to have been executed by Frazier Sr. in authentic form, and a mortgage certificate showing the mortgage as a first mortgage, and the Fraziers signed a hand note for the amount of the loan. The bulk of the loans were never paid off. After the business ventures of the Frazier brothers failed, MOR threatened to foreclose on the mortgaged property. Meanwhile, plaintiff Frazier, in deep financial troubles of his own, filed for Chapter 11 bankruptcy. His estate was placed in a trust with his grandson, James Frazier, III, a Texas lawyer, appointed as trustee. The bankruptcy court abstained from ruling on the validity of the donations and the mortgages pending disposition of the issue under state law.
After reviewing the evidence, the district court in an excellent written opinion found that since the acts of donation were not passed before a notary and two witnesses in contravention of LSA-C.C. Art. 1536, the donations were null and the property should be returned to the plaintiff-donor. However, the land was returned subject to the mortgages created by the donees because the court found the mortgagees to be innocent third parties who relied on the public records.
On appeal, plaintiffs contend the district court erred by not finding the acts of donation to be absolute nullities, by holding MOR Enterprises was entitled to rely on the invalid donations, and by not cancelling all mortgages placed on the property by the donees.
A donation inter vivos of immovable property must be passed before a notary public and two witnesses. LSA-C.C. Art. 1536; Hardin v. Williams, 478 So.2d 1214 (La.1985). LSA-C.C. Art. 1536 provides:
An act shall be passed before a notary public and two witnesses of every donation inter vivos of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity.
LSA-C.C. Art. 2234 requires the notary and witnesses to be present when each contracting party signs the act. Heyl v. Heyl, 445 So.2d 88 (La.App. 2d Cir.1984), writ denied, 446 So.2d 1228 (La.1984).
It is undisputed that the acts of donation were not passed before a notary public and two witnesses. The documents were notarized by John Cain who admitted under oath that he was not present when the donor or the witnesses signed the acts. A donation inter vivos of immovable property not passed before a notary and two witnesses, is not authentic and is therefore invalid and null. Spanier v. DeVoe, 52 La.Ann. 581, 27 So. 174 (La.1900); Hardin v. Williams, supra; Sarpy v. Sarpy, 354 So.2d 572 (La.App. 4th Cir.1977), writ denied, 356 So.2d 436 (La.1978).
Our inquiry now focuses on the effect of the invalid donations as to third parties who acquired mortgages on the donated property from the donees in reliance on the public records which contained no indication of lack of compliance with Article 1536.
Plaintiffs maintain that LSA-C.C. Art. 1568 requires the property to be returned free and clear of any encumbrances created by the donees. They cite Baker v. Baker, 125 La. 969, 52 So. 115 (1910), in support of this contention.
Plaintiffs' reliance on these authorities is not well-founded. Article 1568, before its amendment in 1985, provided that in case of revocation or rescission of a *232 donation for nonexecution of a condition, the property shall return to the donor free of all encumbrances or mortgages created by the donee. Here, the donations executed by the plaintiff contained no conditional language which would have placed a third party on notice to inquire whether the condition had been fulfilled. Thus, Article 1568 pertaining to revocation of conditional donations is inapplicable.
In Baker, the donor successfully rescinded an inter vivos donation of immovable property for nonperformance of a condition and the court applied Article 1568 in cancelling a special mortgage created by the donee. The court also noted that the donation was an act under private signature which rendered the document null; however, the basis for returning the property free and clear from any encumbrances rested upon the express provisions in Article 1568 applicable to nonexecution of a condition.
Plaintiffs contend Article 1536 was drafted to prevent undue influence being exerted over a donor who was not fully aware of what he was doing as was the situation in this case. The donor, unable to testify at trial due to his poor health, testified in an earlier deposition that he did not intend to donate his property. It is argued that he was susceptible to domination by his sons because of his age and fragile health.
The rationale underlying the imposition of the formality requirements in Article 1536 is twofold. A dominating influence can unduly or fraudulently affect a donor's freedom of action, and the requirement of formality was designed to diminish such an influence or at least allow time for reflection. The requirement also served to assure the irrevocability of donations by having the instrument filed and preserved by a notary. 3 Planiol, Treatise on the Civil Law, § 2526 (La.St.L.Inst.Trans.1959); Sarpy v. Sarpy, supra.
The trial court rejected the donor's contention that he did not intend to donate his property, citing plaintiff's deposition in which he stated that he wanted to "help his sons." There was no substantial evidence indicating that the Frazier brothers exercised a dominating influence over their father. We agree with the trial court that the record does not substantiate plaintiffs' assertion that undue influence affected the donor's freedom of action, that he did not know he was donating his property, or that he was incapacitated at the time the acts were signed.
Plaintiffs also urge that a donation inter vivos of immovable property not executed in the presence of a notary and two witnesses is an absolute nullity, void ab initio. They argue that if the donees only received a null title, their attempt to mortgage the property was ineffective. We find, however, that even though the donations may be declared absolutely null as between the donor and the donees, the donor who signed the donations cannot set them aside on the basis of noncompliance with Article 1536 to the prejudice of innocent third parties who took mortgages from the donees in reliance upon the public records which contained no indication that the formality requirements had not been met. The reason for the nullity was not something the mortgagees could have learned or been made aware of by inspecting the acts of donation. On its face each act appeared to be in authentic form.
In Owen v. Owen, 336 So.2d 782 (La. 1976), several of the donor's children alleged that another child had received donations omnium bonorum in transactions disguised as sales and sought to annul the donations. Defendants were third party purchasers who relied on the public records doctrine as a defense to the plaintiffs' claims to the property. The Supreme Court held that where there was nothing of record to indicate that the transfers could have been annulled as donations omnium bonorum and when an innocent party purchased the land for valuable consideration relying upon the public records, the third party took the property free of those unrecorded and secret equities.
*233 It is well established in the jurisprudence of this state that third persons dealing with immovable property need only to look to the public records in determining the validity of title. McDuffie v. Walker, 125 La. 152, 51 So. 100 (1909); Chachere v. Superior Oil Company, 192 La. 193, 187 So. 321 (1939); Hodgeson v. McDaniel, 233 La. 180, 96 So.2d 481 (1957); Brewster Development Co., Inc. v. Fielder, 271 So.2d 299 (La.App. 2d Cir.1972); Owen v. Owen, supra. See LSA-C.C. Art. 2266 and LSA-R.S. 9:2721.
There are some obvious distinctions between Owen v. Owen and the instant case, such as the fact that Owen dealt with an act in the form of a sale rather than an act of donation and with third party purchasers rather than mortgagees. There is also strong logic in the arguments that the transferee under an absolutely null act cannot encumber property to which he holds no title, that the public records doctrine cannot serve to vest title, and that the public records doctrine only protects against the absence from the records of acts which are required to be recorded. See Redmann, The Louisiana Law of Recordation: Some Principles and Some Problems, 39 Tul.L.Rev. 491 (1965). Nevertheless, in this clash between the principle of nullity of donations of immovable property for failure to comply with the required formalities and the principle of protection of innocent third parties relying on the public records we find the holding of Owen v. Owen to be closely analogous and applicable, and we hold that protection of the donor who signed the act must yield to protection of the innocent third party who relied on the act.
Under the particular facts of this case where there was nothing of record to indicate that the donations from the plaintiff to his sons and grandchildren could have been annulled for lack of compliance with Article 1536, the donor cannot set aside the donations to the prejudice of innocent third party mortgagees who acted in good faith in reliance upon the public records.
The judgment of the district court is affirmed at appellants' costs.
AFFIRMED.