LAND, J.
This is a suit to revoke a donation inter vivos, made in the year 1858 by Auguste Voinche, deceased, to the town of Marksville, of a certain lot of ground for the alleged permanent establishment thereon of a market house and for no other purpose. It was alleged that the act of donation, which was annexed to the petition, contained a condition that, if said market house was not established in conformity with the wishes of the donee, the donation should be null, and the lot of ground should revert back to the donor.
It was further alleged that the defendant, pretending to conform with the stipulations set forth in the act of donation, did erect a building on said lot, and did at odd times use the said building as a market house, but that the defendant has long since abandoned the use of said building for said purpose, and has totally failed to maintain a market on said lot, as was stipulated in said act of donation.
It was further alleged that for many years said building and lot have not been used for a market, and that in the year 1902 a street was laid out on said property, for which purpose the defendant has taken and used 35 feet or more of the front of said lot by the entire depth of said property, and has thereby dedicated the same to other uses than that stipulated in the act of donation.
The act is written in the French language. It is unnecessary to recite the act in full and we translate such portions as we deem necessary for the decision of the issues before us.
The donor—
“declared that, desiring the establishment of a market for the town of Marksville aforesaid, he does make a donation, from this day and forever, to the corporation of the town of Marks-ville aforesaid, and solely to build a market, which will remain the property of said corporation, of a certain town Got,” etc.
The act concludes with the following paragraph, to wit:
“After the conclusion of the present act it was agreed and understood between the said Mr. Voinche and the said Messrs. Barbin and Delavallade and Waddill, committee authorized to accept said donation, that, should it happen that said market be not built, the said act of donation will be null, and the said town lot shall, by that fact, belong to the said Voinche.”
In the court below the suit was dismissed on an exception of no cause of action, and the plaintiff has appealed.
The declared purpose of the donor was the establishment of a market for the town of Marksville, and the donation was made “solely to build a market,” and it was stipulated that, if it should “happen that said market be not built,” the donation should be null.
Our learned Brother below says:
“Now, while it is true that the act provides for the establishment of a market house only, and that the last paragraph contains the clause that, if it is not established, the property shall remain in the donor, yet we find that the act also contains the following expression:
“That the donor gives and donates to the corporation of Marksville ‘from to-day and forever’ the lot of ground.
“If the property itself was donated with a condition, and that condition has been complied with by the donee, such compliance has forever destroyed the remaining right of ownership that was retained by the vendee.
“As far as the expression used by the donor to the effect that the property was donated for a market house only, in my opinion, this cannot have the effect of annulling the act of dona *715 tion, not being imposed as a condition in the act. Besides a donor, like a seller, cannot limit the uses of property when he parts with the ownership.”
The judge held, in effect, that the construction of the market house on the lot fulfilled the only express condition in the act of donation, and that the declared purpose of the donor and the express limitation on the use of the property were not conditions affecting the title' conveyed in perpetuity to the donee.
In endeavoring to arrive at the intention of the parties, all the recitals in the act of donation should be construed together.
The granting clause sets forth the purpose of the donor to establish a market for the town of Marksville, and the donation itself was made to the corporation solely for the purpose of building a market. The last paragraph stipulates that, if it should happen that the market should not be built, the act of donation should be null.
Was the purpose of the donation the mere erection of a market house, or the permanent establishment of a public market for the benefit of the people of the town of Marks-ville? Our learned Brother below seems to have reached the conclusion that the condition of the donation was fulfilled by the mere erection of the building on the lot in question. We cannot approve a construction which eliminates the declared purpose of the donor to establish a public market for the benefit of himself and the people of the town of Marksville. The mere erection of a market house would in itself have accomplished no beneficial purpose.. It is not pretended that the building was intended as a monument to the donor or as an ornament to the town. The fact that the grant was in perpetuity does not exclude the particular purpose of the donation, as a perpetual use is perfectly consistent with a perpetual grant.
No analogy between a sale and a donation of property exists as to charges and conditions that may be imposed by the grantor. The donor may impose on the donee any charges or conditions he pleases, provided they contain nothing contrary to law or good morals. Civ. Code, art. 1527. Donations inter vivos are liable to be revoked or dissolved on account of the nonperformance of the conditions imposed on the donee. Id. art. 1559. The word “conditions,” as used in this article, is synonymous with the word “charges” ; and when a donation contains charges it is considered as made under the condition that it may be dissolved or revoked if they are not executed. Mourlon, Examen Du Code Napoleon, vol. 2, p. 366. “Conditions” means charges or obligations of the donee. Dalloz, Repertoire de Legislation, Supplement 5, No. 404, p. 149. Hence, if the town of Marksville was charged or obliged by the act of donation with the duty of establishing and maintaining a public market on the lot donated, a clear case of nonperformance is alleged in the petition.
The case of De Pontalba v. New Orleans, 3 La. Ann. 660, is not in point, as the donation was made under the Spanish law for pious uses, and under that system was irrevocable, in the absence of an express stipulation of the right of return, for the nonperformance of the mode, charge, or condition imposed on the donee.
In Arnauld v. Delachaise, 4 La. Ann. 109 certain conditions in an act of sale were held not to be reservations in favor of the donor, but regulations as to the use of the property among the purchasers.
It is a principle of civil-law jurisprudence that the donee is bound to execute the charges or obligations imposed on him by the act of donation in the same manner and to the same extent as the debtor in any ordinary contract.
If the allegations of the petition be true, the town of Marksville has not only failed and neglected for years to comply with its *717 obligation- to maintain a public market on tbe premises in question, but has dedicated a part of the lot to uses not contemplated by the parties at the time of the donation.
We therefore conclude that the allegations of the petition disclose a cause of action.
It is therefore ordered that the judgment below be reversed, and it is now ordered that the exception of no cause of action be overruled, and that this cause be remanded for further proceedings according to law, and, finally, that the defendant and appellee pay the costs of this appeal.