(83 South. 643)
No. 22336.
HURLEY v. HURLEY et al.
(Jan. 5, 1920.)

*(Syllabus by the Court.)*

1. GIFTS ⬤―45—PETITION FOR REVOCATION OF DONATION INTER VIVOS ALLEGING DELIVERY, ASSUMPTION OF CONDITIONS, AND FAILURE TO DISCHARGE THEM, STATES CAUSE OF ACTION.

A petition, praying for the revocation of a donation inter vivos, which alleges the manual delivery to the donee of a mortgage note (executed by him in favor of the donor), in consideration of the assumption, by the donee, of the obligation to take care of the donor for the balance of his days, which contains no intimation on the part of the donor of any intention to remit the debt represented by the note, save upon the full discharge of that obligation, and which further alleges the failure of the donee to discharge the obligation, coupled with allegations of ill treatment and abuse of the donor by the donee, discloses a cause of action.

*(Additional Syllabus by Editorial Staff.)*

2. GIFTS ⬤―34—DONEE IN GIFT INTER VIVOS REQUIRED TO EXECUTE CHARGES OR OBLIGATIONS IMPOSED BY DONATION.

The donee is bound to execute the charges or obligations imposed on him by the act of donation in the same manner and to the same extent as the debtor in any ordinary contract.

3. GIFTS ⬤―41—GROUNDS FOR REVOCATION OF GIFT INTER VIVOS.

Donations inter vivos may be revoked or dissolved because of donee's ingratitude, nonfulfillment of eventual conditions which suspend their consummation or the nonperformance of the conditions imposed on the donee. Civ. Code, art. 1559.

4. GIFTS ⬤―4—DONATION INTER VIVOS OF CORPOREAL MOVABLE EFFECTS ACCOMPANIED BY DELIVERY NEED NOT BE FORMAL.

Civ. Code, art. 1539, provides that "the manual gift, that is, the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formality"; so that, in so far as the claim of plaintiff seeking to revoke or dissolve the donation on the ground that it was not in the form of an authentic act is concerned, an exception thereto was properly sustained.

Appeal from Twenty-First Judicial District Court, Parish of Iberville; Calvin K. Schwing, Judge.

Action by Daniel Hurley against John Hurley and another to revoke donation inter vivos of a mortgage note. From a judgment sustaining an exception to the petition and dismissing his suit, the plaintiff appeals. Judgment appealed from set aside, exception of no cause of action overruled as to the complaint of noncompliance on the part of the defendant with the donation condition, and case remanded to the district court.

Albert L. Grace, of Plaquemine, for appellant.

J. Howell Pugh, of Plaquemine, for appellee Hurley.

### Statement of the Case.

MONROE, C. J. Plaintiff prosecutes this appeal from a judgment sustaining an exception of no cause of action and dismissing his suit.

The petition alleges that on January 6, 1915, he sold certain land, of which he was the owner (though the title stood in the name of, and the sale was made through, Joseph A. Grace), to his son, John Hurley, for $2,500, and took his note therefor, secured by mortgage and payable, with interest, at the expiration of five years, and that the sale was duly recorded; that, on or about November 22d following, he delivered the note to defendant on condition that defendant would take care of him for the balance of his (petitioner's) life, and that defendant caused said note and the mortgage by which it was secured to be canceled and erased; that the giving of the note was null, having been without consideration and not by authentic act; and that petitioner revokes said gift and avers that it should be decreed that the note be returned to him and the mortgage reinstated.

In the alternative, it is alleged that defendant complied with his agreement to take care of petitioner until about the end of February, 1916, when, by reason of his ill treatment, petitioner was obliged to keep away from his (defendant's) farm; that on May 15, 1916, defendant abused and threatened petitioner, in the presence of strangers, and said he was sorry he had not knocked his block off, long ago; that on July 15, 1916, when the sheriff took possession of the live stock seized in the suit No. 2051 of the docket of the district court, defendant threatened the life of petitioner, using vile and obscene language, and making such threats that, upon the suggestion of the sheriff, or his deputy, petitioner did not go on the grounds of defendant; that defendant has further been guilty of ingratitude and given further cause for the revocation of the donation in question, under C. C. art. 1559 et seq., by his curses and abuse of petitioner on the occasion thus mentioned, when he refused to let petitioner have his live stock, which defendant unlawfully retained.

The prayer of the petitioner is for a judgment decreeing the nullity of the donation of the note, because not made by authentic act, or, in the alternative, because of the ingratitude of the donee, decreeing the return of the note to petitioner, and the erasure of the mortgage by which it is secured (the clerk and ex officio recorder being a party defendant).

### Opinion.

[1] The petition is inartificially drawn, but, construing, together, its different allegations, and taking them, so construed, to be true (as the trial judge was bound to take them, for the purposes of the exception which he sustained), it appears that plaintiff "turned over" and gave to defendant, "without witness and without authentic act," and without consideration, save the specific condition that defendant would "take care of plaintiff for the balance of his days," a note for $2,500, executed by defendant, secured by mortgage, and representing the price which defendant owed plaintiff for land which plaintiff had conveyed to him; that defendant complied with the condition thus imposed upon him and which was agreed to by him, for about three months, at the end of which period he so ill treated, abused, and threatened plaintiff that he was obliged to keep away from defendant's farm; and that he thereafter threatened plaintiff's life, using vile and obscene language and expressing his regret that he had not long before "knocked his block off." The petition therefore sets out an onerous donation, with no intimation of an intention on the part of the donor to

make a free gift or to remit the debt represented by the note thus donated, save on compliance, in full, by the donee, with the condition imposed upon and accepted by him; and it alleges the failure of the donee to comply with the condition, and conduct on his part utterly inconsistent with such compliance. It seems plain enough, then, on general principles, that, if the allegations of the petition be sustained by proof, defendant having failed to comply with the condition and discharge the obligation in consideration of which the note was turned over and given to him, and there having been no remission of the debt represented by it, he cannot be allowed to retain the note.

[2] "It is a principle of the civil law jurisprudence" (this court has said) "that the donee is bound to execute the charges, or obligations, imposed on him by the act of donation, in the same manner and to the same extent as the debtor in any ordinary contract." Voinche v. Town of Marksville, 124 La. 712, 50 South. 662.

[3] But, aside from the general principle, the case, as presented by the petition, falls within the terms and meaning of the specific provisions of our law, to the effect that—

"Donations inter vivos are liable to be revoked or dissolved on account of: * * * (1) The ingratitude of the donee. (2) The nonfulfillment of the eventual conditions, which suspend their consummation. (3) The nonperformance of the conditions imposed on the donee," etc. C. C. art. 1559.

See Baker v. Baker, 125 La. 969, 52 South. 115; Eskridge v. Farrar, 30 La. Ann. 718.

[4] Article 1539 of the Civil Code provides that—

"The manual gift, that is, the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formality."

So that, in so far as plaintiff's claim is based upon the ground that the donation was not in the form of an authentic act, the exception was properly sustained; but, otherwise, it should have been overruled. The cases of Hicks v. Hicks, 145 La. 465, 82 South. 415, and De L'Homme v. De Kerlegand, 4 La. 353, cited by defendant, deal with unconditional donations and are inapplicable here. It appears that Daniel Hurley, the original plaintiff, died after the institution of this suit, and, on proper showing, his testamentary executor has been substituted in his place.

For the reasons thus assigned, it is ordered, adjudged, and decreed that the judgment appealed from be set aside, the exception of no cause of action overruled, in so far as it is leveled at the complaint of noncompliance, on the part of defendant, with the condition upon which the donation here attacked was made, and that the case be remanded, to be proceeded with according to law and to the views hereinabove expressed; defendant to pay the costs of the appeal, and the costs of the district court to await the judgment on the merits.