ROGERS, J.
. Plaintiffs are the sister and the children of a deceased sister of Alexander C. Hutchinson, who died in the city of New Orleans on January 14, 1895. They sue to recover the legacy to the defendant under, the will of their deceased brother and uncle, on the ground that the legacy has lapsed for the non-fulfillment by the legatee of the conditions imposed by the testator. The suit was dismissed on an exception of no right or cause of action, and plaintiffs have appealed.
The pertinent provision in the will of Alexander C. Hutchinson, reads as follows, viz.:
“After the above named gifts and bequests have been paid or provided for, subject to such codicils as I may hereafter make or add to this will and for which due provision shall be made, I give the balance of my estate, real and personal, to the Tulane University of Louisiana, for the sole and exclusive benefit of its Medical Department; the object of this *655 bequest is to create a fund to be used in increasing the efficiency of the Medical Department of the Tulane University of Louisiana, as a Medical School, and to contribute to its usefulness and beneficence in ministering to the ailments, injuries and other physical infirmities of the suffering and the destitute poor of all races, ages, sexes and nationalities.
“In the furtherance of the purpose of this bequest, the fund thus created is to be used by the administrators of the Tulane University, under the direction and supervision of the University’s Medical Faculty for the purchase of ground and erection of suitable buildings in connection with and in the immediate vicinity of the building now designated as the Richardson Memorial, and officially known as the Medical Department of the Tulane University of Louisiana. The aforesaid grounds and buildings to be used in the establishment of a free clinic or dispensary and for a hospital to include in its wards such a number of free beds (also for the destitute poor) as in the judgment of the faculty may be available within the limitations of this fund.
' “It is contemplated in making this bequest that suitable provision will be made by the faculty and administrators to improve all the opportunities for the study of the nature, prevention and cure of disease by the establishment of clinical and other laboratories as may be available out of this fund and in pursuance of its philanthropic object.
“It is also recommended that a part of the fund thus created shall be reserved for investment and interest, in such wise' as to insure the maintenance of a free clinic, until such time when this provision may in the judgment of the faculty and administrators be deemed unnecessary. This reserve fund should then be utilized or expended in extending the hospital plans, by creating new departments or new buildings as these may be needed to promote the charitable and educational purpose of the bequest.
“I request that in some appropriate manner, the hospital administration will arrange to name the structure contemplated under this bequest after my late wife, Josephine.”
Plaintiffs, as the basis for their demand, allege, substantially, that, although the Tulane University of Louisiana, through its board of administrators, has accepted the legacy and taken possession of the property (valued at more than $1,200,000) bequeathed thereunder, it has repudiated the conditions of the will and used the properly for purposes contrary to the terms of the bequest. Plaintiffs specifically aver that the board of administrators and the medical faculty of the Tulane University of Louisiana have never constructed any clinic or hospital nor created any funds for such purpose nor constructed any clinical or pathological laboratory, nor established or maintained any beds for the destitute poor, as is specially provided in the will as the fundamental and necessary conditions of the universal bequest.
This court has heretofore had occasion to construe the provisions of the will of the deceased Alexander G. Hutchinson, wherein the defendant Tulane University of Louisiana was constituted the testator’s residuary legatee. This was in a proceeding instituted by a brother and another sister of the testator in which they attacked the bequest on various grounds. Vide, Succession of Hutchinson, 112 La. 656, 36 So. 639.
In the ease referred to, the court said, at page 698 of 112 La., 36 So. 639, 654, of the opinion: “Four paragraphs of the will are devoted to the bequest. The first, which, in our opinion, is alone dispositive, reads as fol *657 lows.” The author of the opinion then quotes the paragraph, which we have also herein-above quoted. The opinion then reads: “Here is an unconditional gift, coupled only with an announcement of the object of the gift. This certainly vests the title in the university. The. subsequent paragraphs do not purport to withdraw the title thus vested, or to modify it; but at most superadd conditions to it, or merely contain advisory directions regarding the use of the property.
“Defendants contend that what is said in these subsequent paragraphs was added by the testator merely by way of advice; and there is much to recommend that view. The last two paragraphs are clearly advisory only. The words are, ‘it is contemplated,’ T recommend’ — terms of mere advice, clearly. The other paragraph begins with the phrase, ‘In furtherance of the purpose of the bequest.’ These words would seem to carry the implication that the bequest was considered by the testator to have already vested completely and finally, for the purpose clearly and definitely and once for all expressed in the first paragraph, namely, ‘to increase the efficiency of the medical department of Tulane University Medical School.’ The testator first makes the absolute and unconditional gift for the purpose designated, and then adds that ‘in furtherance’ of that purpose ‘the fund is to be used,’ etc. His prime object, evidently, was to increase the efficiency of the medical department of Tulane University as a medical school. That object he expresses at the time of making the bequest, coupling it with the bequest as the moving cause of his action. He then proceeds to give his ideas as to the best means of accomplishing that object. But he does not impose those ideas as conditions inherent in and controlling the gift. He does not say, for instance, that this clinic and this hospital are the sole aim and object of his gift, and that the fund must and shall be expended only in that way. His language is, ‘In furtherance of the purpose of the bequest.’ ”
It is true, the court expressed the further opinion that, even if the recommendations embraced in the second, third, and fourth paragraphs of the provision of the will con-, taining the bequest to the defendant amounted to conditions, the recommendations were innocuous, because, if valid, they could be executed, and, if invalid, they must be 'treated as not written. Nevertheless, it was plainly the view of the court that the legacy to the defendant university was an unconditional one, coupled only with an announcement of the. object of the gift and containing certain advisory directions regarding the use of the property. The reasons given by the court in support of this view appeal to us as being fundamentally sound, and we adopt them as our own in holding that the first paragraph of the bequest is alone dispositive, the subsequent paragraphs being merely advisory in character and not conditions imposed by the testator on the legatee.
Plaintiffs and appellants cite the case of Voinche v. Town of Marksville, 124 La. 712, 50 So. 662. We do not find this decision appropriate to the case now before us. In that case, Voinehe had made a donation inter vivos to the defendant town of a lot of ground solely on which to build a market. The town, however, failed to maintain a market on the lot and dedicated a portion of it for use as a street. The court found in construing the act of donation that the declared purpose of the donor was to establish a public market for the benefit of himself and the people of the town, that the building and maintenance of a market was a charge imposed by the donor on the donee, and that, because of the latter’s failure to execute the charge, the heirs of the *659 former were entitled to sue for the revocation of the donation.
For the reasons assigned, the judgment appealed from is affirmed at the cost of the appellants.