O’NIELL, Chief Justice
 

 (concurring in the decree).
 

 I concur in the decree in this case on the ground that, in the second donation, which was made on November 26, 1887, the donor did not impose any condition on which the title should remain in the donee. The declaration in the act of donation that the lot was the one on which the church was located was merely descriptive of the lot itself. If this act of donation had been merely a confirmation of the donation that was made on August 28, 1885, the condition on which the donation was made originally might affect the donee’s title to the lot. But, in the second act of donation,- the donor declared that he had neglected to make an act of donation theretofore; hence it is certain that he believed and intended that the new act was and should be the only act of donation.
 

 I doubt very much, however, that, in order to give effect to a condition imposed upon the donee in an act of donation, it is necessary for the donor to declare in the instrument that the donation is liable to be revoked for “nonperformance of the conditions imposed on the donee.” It is declared in article 1559, subd. 3, of the Civil Code, that donations inter vivos are liable to be revoked or dissolved on account of the “nonperformance of the conditions imposed on the donee.” I do not find anything in these articles of the code to indicate that a conditional donation is not liable to be revoked for “nonperformance of the conditions imposed on the donee” unless the donor declares in the act of donation that “nonperformance of the conditions imposed on the donee” shall have that effect. The cases cited in the prevailing opinion in this were, for- the most part, cases where a dedication of land was made for a public use. None of the decisions cited impresses me as authority for the doctrine of the prevailing opinion in this case. In the case of Voinche v. Town of Marksville, 124 La. 712, on page 716, 50 So. 662, on page 663, the court reviewed the earlier decisions and directed attention to the fact that De Pontalba v. New Orleans, 3 La.Ann. 660, was decided according to the Spanish law, which declared that a conditional donation was not liable to be revoked for “nonperformance of the mode, charge, or condition imposed on the donee” unless it was declared in the act of donation that nonperformance of the conditions should have that effect. Under the articles of the Civil Code the resolutory condition is implied if a donation is made subject to a condition imposed upon the donee.