# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


## 03-580


**CHARLES S. REILY, ET AL.**

**VERSUS**

**STATE OF LOUISIANA, ET AL.**


\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 81-42,886
HONORABLE THOMAS R. DUPLANTIER, PRESIDING
\*\*\*\*\*\*\*\*\*\*


## SYLVIA R. COOKS
### JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Ned E. Doucet, Jr., Chief Judge, Sylvia R. Cooks and Michael G. Sullivan, Judges.


**AFFIRMED IN PART; REVERSED IN PART.**


**Patrick W. Gray**
**Thomas M. McNamara**
**Liskow & Lewis**
**822 Harding Street**
**P.O. Box 52008**
**Lafayette, LA 70505**
**(337) 232-7424**
**COUNSEL FOR PLAINTIFFS/APPELLEES/SECONDARY APPELLANTS**
    **Charles S. Reily, et al.**


**F. L. DeSalvo**
**313 Brett Drive**
**Gretna, LA 70056**
**(504) 394-9384**
**COUNSEL FOR PLAINTIFFS/APPELLEES/SECONDARY APPELLANTS**
    **Charles S. Reily, et al.**


**Thomas E. Balhoff**

**Judith R. Atkinson**
**Carlton Jones, III**
**Roedel, Parsons, Koch, Blache, Balhoff & McCollister**
**8440 Jefferson Hwy., Suite 301**
**Baton Rouge, LA  70809-7652**
**(225) 929-7033**
**COUNSEL FOR DEFENDANTS/APPELLANTS/CROSS-APPELLEES**
     **State of Louisiana**

**COOKS, Judge.**

This case involves a donation of approximately 15,000 acres of land to the State of Louisiana in 1911. The heirs of the original donees appeal the trial court's judgment finding they failed to prove seismic activity authorized under the auspices of the State was sufficient to vitiate the donation and revert the property to the heirs. The State also appeals the trial court's judgment contending it improperly issued an advisory opinion prohibiting the State from ever engaging in mineral operations on the land.

## FACTS AND PROCEDURAL HISTORY

On November 4, 1911, by authentic notarial act, Charles Willis Ward and Edward Avery McIlhenny transferred and donated approximately 15,000 acres of property in Vermilion Parish to the State of Louisiana, Department of Wildlife & Fisheries. The stated purpose of the donation was for the establishment of a wildlife preserve, now known as the State Wildlife Refuge.

This particular dispute is the continuation of ongoing litigation that began in 1958, when the Ward-McIlhenny Heirs (hereafter the Heirs) instituted suit against the State seeking a declaratory judgment that the State failed to comply with the conditions contained in the act of donation, and as such, title to the land was never conveyed to the State. This was based on the Heirs' contention that the instrument in question was not an act of donation, but merely a "commitment to convey the land described therein to the State of Louisiana at some future time when the conditions enumerated therein had been complied with." The suit was dismissed without reaching the merits of the request for declaratory judgment because the Heirs failed to name an indispensable party, the State of Louisiana, as a defendant. *Ward v. La. Wild Life and Fisheries Comm'n*, 224 F.Supp 252 (E.D. La. 1963).

In 1970, the State filed a possessory action against the Heirs and certain corporations who claimed mineral interests in the property through mineral leases

granted by the Heirs. The Heirs converted the matter into a petitory action by claiming ownership of the property. They also claimed ownership of the mineral rights by virtue of a mineral reservation included in the donation. The Heirs contended the donation did not transfer ownership of the property and/or that they were entitled to a rescission of the donation as a result of the State's failure to comply with certain conditions in the act of donation.

The district court entered judgment in favor of the State, finding there was a donation, that the State had substantially complied with the conditions in the act of donation and that the State was the lawful owner of the property and the accompanying mineral interests. The judgment did recognize the Heirs had a reversionary interest in the property and in the future they could sue to enforce this right in the event the State failed to comply with the conditions set forth in the donation. This court affirmed the district court's judgment, finding the record showed "adequate compliance with the conditions," and the supreme court denied writs. *See State v. Ward*, 314 So.2d 383 (La.App. 3 Cir. 1975), *writ denied*, 319 So.2d 440 (La.1975).

The present lawsuit was instituted by the Heirs on April 30, 1981. They claimed a "massive geological exploration" conducted by the State breached certain conditions in the donation, particularly the condition prohibiting the use of the land for "any other purposes other than a refuge or reserve for wildlife."[1] The Heirs argued the violation of the conditions resulted in a rescission of the donation and a reversion of the property together with its mineral rights to them. The Heirs alternatively pled, even if it is determined the State did not violate the conditions of the donation, the 1911 donation created an imprescriptable mineral servitude in their favor.

---

[1] In the mid-1970's , the State issued a permit to Shoreline Geophysical Services, Inc., for the geophysical exploration of the subject property. Under that permit, Shoreline conducted seismic activities in 1976 and 1977 to estimate the potential mineral interests in the land.

The State reconvened for a declaratory judgment to determine whether or not the donation prohibits mineral exploration or production of minerals on the property. The State also filed a motion for partial summary judgment, seeking a dismissal of the Heirs' claim that the donation created an imprescriptable mineral servitude in their favor.

In response to the State's reconventional demand, the Heirs filed exceptions of *res judicata*, no right of action, and no cause of action. They also filed their own motion for partial summary judgment, alleging there was no issue of material fact as to the existence of an imprescriptable mineral servitude created by the donation.

The district court rendered judgment granting the State's motion for partial summary judgment and denying the Heirs' motion for partial summary judgment. The district court also overruled the Heirs' exceptions to the State's reconventional demand. The Heirs appealed the judgment.

In *Reilly v. State of Louisiana*, 533 So.2d 1341 (La.App. 3 Cir. 1988), *writ denied*, 536 So.2d 1219 (La.1989), this court noted that, because a trial on the merits was not held, its review was limited to an examination of the district court's rulings on the various exceptions and motions for partial summary judgment. In affirming the grant of the State's motion for partial summary judgment, this court noted "the mineral servitude reserved in the act of donation was extinguished in 1921 by liberative prescription resulting from nonuse of ten years." *Id*, at 1346. We also noted that there was a final, definitive judgment on this issue rendered in this court's opinion in *State v. Ward*, 314 So.2d 383.

Following rendition of a final judgment recognizing the State's ownership of the mineral rights and the State's substantial compliance with the conditions of the donation, the only remaining issue in the pending case was whether the State's geological exploration in the mid-1970's caused the donation to be revoked and revert

the property back to the heirs. On April 24, 2002, the State filed a motion for summary judgment requesting the Heirs' suit on this issue be dismissed. Both parties filed memoranda on the motion. On November 27, 2002, the Heirs filed their own motion for summary judgment. The State filed a supplemental memorandum in support of its summary judgment motion clarifying the relief it was seeking:

> In the prayer of the motion, the state prays that "plaintiffs' suit should be dismissed, with prejudice, at plaintiffs' cost." Thus, as plaintiffs' case involves only past conduct on the State Wildlife refuge, specifically the seismic exploration in 1975 and 1976, the only issue presented by the Motion for Summary Judgment is whether such seismic activity requires the revocation of the Act of Donation and the return of the State Wildlife Refuge to the heirs of the donors. The State is not seeking adjudication of its reconventional demand at this time.

After a hearing on the motions, the trial court granted the State's motion for summary judgment, finding the "court was not presented with sufficient [evidence] that the past seismic activity conducted . . . would be enough to vitiate the donation." In response to the Heirs' motion for summary judgment, the trial court noted in its written reasons for judgment that the State "present[ed] a valid argument that any ruling regarding future mineral exploration would be an advisory opinion made in the abstract." Despite this reservation, the trial court went on to state that it "does not appear possible with today's technology" that future mineral explorations could be conducted without damaging the wildlife and habitat of the area. The trial court concluded "while not intending to totally eliminate the possibility of oil and gas exploration, it is this Court's judgment that any attempts at surface exploration and testing is not permitted under the donation in question." Thus, the trial court rendered a judgment "declaring that seismic or other mineral activities, including drilling or production activities on the refuge are inconsistent with the intent of the grant to the State contained in the donation."

The State appealed the portion of the trial court's judgment on future

exploration activity, contending it was nothing more than an advisory opinion and was issued without the presentation of any expert testimony. The Heirs cross-appealed, contending the trial court erred in granting the State's motion for summary judgment.

**ANALYSIS**

We find merit in the State's assignment of error. We recognize the "long-standing principle that our courts are without jurisdiction to issue or review advisory opinions and may only review matters that are justiciable." *Duplantis v. Louisiana Board of Ethics*, 00-1750, 00-1956, pp. 11-12, (La. 3/23/01), 782 So.2d 582, 589. In *Jordan v. Louisiana Gaming Control Board*, 98-1122, 98-1133, 98-1134, pp. 18-19 (La.5/15/98), 712 So.2d 74, 85, the supreme court, quoting from *Abbott v. Parker*, 259 La. 279, 308, 249 So.2d 908, 918 (1971), defined a justiciable controversy:

> A "justiciable controversy" connotes, in the present sense, an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relations of the parties who have real adverse interests, and upon which the judgment of the court may effectively operate through a decree of a conclusive character.

The supreme court has instructed the lower courts to refrain from rendering declaratory judgments when the issue presented to the court is academic, theoretical, or based on a contingency which may not arise. *Louisiana Supreme Court Committee on Bar Admissions ex rel. Webb v. Roberts*, 00-2517 (La. 2/21/01), 779 So.2d 726; *Jordan,* 712 So.2d 74.

At no point in any of the original or amended petitions filed in this matter have the Heirs sought an outright ban on all mineral development, exploration, and activity on the property. The record also shows there has been no such activity since the geological exploration in the 1970's, nor is there evidence in the record that any future

activity is planned. Thus, there is no justiciable controversy on this issue,

We also note summary judgments are only intended to decide legal issues. Although the trial court made an apparent factual determination that future mineral explorations could not be conducted without damaging the wildlife and habitat of the refuge, there was no agreement between the parties as to this conclusion nor was the State afforded the opportunity to present any expert testimony. Therefore, the trial court's conclusion was reached on nonestablished facts and is advisory in nature. Accordingly, we reverse this portion of the judgment.

The Heirs appealed the portion of the trial court's judgment granting the State's motion for summary judgment holding the facts undisputedly show the seismic activity was not sufficient to vitiate the donation. In the Act of Donation several conditions are set forth for the use of the donated property. Section 2 of the Act of Donation establishes the purpose for the donation and provides:

> The Refuge or Reserve shall be maintained perpetually as an absolute game and non-game bird, fur bearing animal, fish and terrapin Refuge or Reserve by said donee, its successors or assigns.

Section 12 provides that the rights to the minerals are reserved for the donors and sets forth conditions for any potential mineral development. It provides:

> The donors for the benefits of themselves, their heirs and assigns, reserve all deposits of minerals, gas, oils, salt and phosphates under the surface of the lands herein to be deeded to the donee, with the right to develope [sic], operate and take out the same, provided it shall be done in such a manner as not to defeat the purposes of a game Refuge or Reserve for which the property is to be deeded.

Section 15 of the Act of Donation allows for the reversion of the property if the donor fails to carry out its obligations:

> In the event that the donee or its successors or assigns or the State of Louisiana, should at any time in the future fail to faithfully observe or carry out all the obligations imposed in the Deed of Gift then, and in that event, the title to the property herein to be donated shall revert to the donors, their heirs, successors or assigns with all the improvements thereon.

Although the court in *State v. Ward*, 314 So.2d 383, using a "substantial compliance" analysis, recognized the State's ownership of the refuge, it noted under the terms of the donation the Heirs had a reversionary interest and in the future could sue to enforce this right in the event the State failed to comply with the conditions set forth in the donation. After the decision in *State v. Ward*, the State granted a permit for geophysical exploration of the subject property to estimate the potential mineral interests in the land. To that extent, seismic activities were conducted on the property in 1976 and 1977.

The Heirs now contend the trial court erred in using a substantial compliance analysis as to the terms of the donation. It points to the language in Section 2 which contains the term "absolute" in describing the refuge, and contends any exploration activity is *per se* in derogation of an "absolute" refuge. However, the State notes the Act of Donation also recognizes the right of the donors to construct drainage canals and operate a ship canal, the right to destroy animal life proven to be destructive to game life on the refuge and, in particular, Section 12 gives the donors the right to develop all deposits of minerals, gas, oils, salt and phosphates under the surface of the refuge, provided it is done in a manner as not to defeat the purposes of a refuge. Our Supreme Court in *Voinche v. Town of Marksville*, 124 La. 712, 715, 50 So. 662, 663 (1909), stated when "endeavoring to arrive at the intention of the parties, all the recitals in the act of donation should be construed together."

Clearly, the Act of Donation itself provides for mineral development as long as it does not defeat the purpose of the refuge. By its very terms, the Act of Donation does not find maintenance of the property as an absolute refuge and development of minerals to be mutually exclusive. Thus, for reversion to be warranted, sufficient evidence was required that the seismic activity was so disruptive that it defeated the underlying purpose of the property as a game refuge. The trial court held the Heirs

-7-

failed to produce sufficient evidence that the past seismic activity was enough to vitiate the donation. The seismic activity complained of occurred over twenty-five years ago, and the property has continued to operate as a wildlife refuge since that date. Our review of the record finds no evidence that the seismic activity defeated the underlying purpose of the Act of Donation. We find the trial court's judgment in this regard is consistent with the law and evidence.

**DECREE**

For the foregoing reasons, the judgment of the trial court granting the State's Motion for Summary Judgment is affirmed. The portion of the judgment "declaring that seismic or other mineral activities, including drilling or production activities on the refuge are inconsistent with the intent of the grant to the State contained in the donation" constitutes an advisory opinion by the trial court and is reversed. All costs of this appeal are assessed against the Ward-McIlhenny Heirs.

**AFFIRMED IN PART; REVERSED IN PART.**